LAWRENCE BREWSTER
Regional Solicitor
DANIELLE L. JABERG, Counsel for ERISA
CA State Bar No. 256653
IAN ELIASOPH, Trial Attorney
eliasoph.ian@dol.gov
CA State Bar No. 227557
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 7th Street, Suite 3-700
San Francisco, California  94103
Telephone (415) 625-7746
Fax (415) 625-7772

Attorneys for Plaintiff,
United States Department of Labor

**JS-6**

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, UNITED STATES DEPARTMENT OF LABOR,<br><br>Petitioner,<br><br>v.<br><br>BARSTOW TRUCK PARTS AND EQUIPMENT CO., INC., a corporation; JAMES M RAJACICH SR., an individual; and the BARSTOW TRUCK PARTS & EQUIPMENT COMPANY, INC., PROFIT SHARING PLAN, an employee pension benefit plan.<br><br>Defendants. | Case No.  10-cv-01847-VAP-DTB<br><br>**CONSENT JUDGMENT & ORDER** |

Plaintiff HILDA L. SOLIS, Secretary of Labor, United States Department of Labor ("Secretary") pursuant to her authority under §§ 502(a)(2) and (5) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§

1132(a)(2) and (5), has filed a Complaint against Defendants BARSTOW TRUCK PARTS AND EQUIPMENT CO., INC., a corporation ("Company"),  JAMES M RAJACICH SR., an individual ("Rajacich"), and the BARSTOW TRUCK PARTS & EQUIPMENT COMPANY, INC., PROFIT SHARING PLAN, an employee pension benefit plan ("the Plan").[1]

A.   The Secretary, the Company, Rajacich, and the Plan (collectively, "the parties") admit that the Court has jurisdiction over this action pursuant to ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and that venue lies in the United States District Court, Central District of California pursuant to ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2).

B.   Without admitting or denying the violations alleged in the Complaint and solely as a compromise, the parties agree to the entry of this Consent Judgment & Order.  The parties further agree that this Consent Judgment & Order shall fully settle all claims of the Secretary asserted in the Complaint.

IT IS HEREBY **ORDERED**, **ADJUDGED**, and **DECREED** that:

1.   Defendants Company and Rajacich are jointly responsible for restoring $118,248.75 in losses and lost opportunity costs ("Amount Due") to the Plan.

2.   Defendant Company and Rajacich shall restore the Amount Due as set forth in this paragraph:

　　a.  The governing Plan Documents are hereby amended to allow for the offset of a participant's Plan benefits against an amount that the participant is required to pay as a result of this Consent Judgment.

　　b.  Pursuant to ERISA Section 206(d)(4), 29 U.S.C. § 1056(d)(4), and within ten (10) days of the entry of this Consent Judgment, the Company and Rajacich shall restore the Amount Due, in part, by offsetting the entire individual participant Plan account balance of Rajacich and reallocating such balance to the

---

[1] The Plan is named in the Secretary's Complaint as a party necessary for complete

other participants' Plan accounts in accordance with the allocation method described in Subparagraph 2g below.  Evidence of the completed reallocation to the participants' accounts of all participants other than Rajacich shall be provided to the Secretary within five (5) days of the reallocation.

   c.  Within ten (10) days of the entry of this Consent Judgment, IRS Form 1099Rs shall be issued by the Plan to Rajacich for the offset amount described in subparagraph 2b above.  Copies of the Form 1099Rs shall be provided to the Secretary within five (5) days of the issuance of the Form 1099Rs.

   d.  To restore the balance of the Amount Due remaining after the subtraction of the offset described in Subparagraph 2b ("Remaining Balance"), the Company and Rajacich shall, by January 1, 2011, make an initial down payment to the Plan in an amount equal to 20% of the Remaining Balance.

   e.  Following the restoration of the down payment described in Subparagraph 2d, the Respondents shall make eleven (11) subsequent, equal payments to the Plan.  These payments shall be made on the first day of each month for eleven (11) months, beginning on February 1, 2011, and ending on December 1, 2011.

   f.  Evidence of the restoration of the down payment and the subsequent monthly payments made to the Plan pursuant to Subparagraphs 2d and 2e shall be provided to the Secretary within twenty (20) days of each payment.  In addition, the Company and Rajacich shall provide the Secretary with any other documentation necessary to corroborate the restoration of the Amount Due as contemplated by this Consent Judgment.

   g.  All restorations of the Amount Due, including all payments made to the Plan and the offset of Rajacich's Plan account balance set forth in Subparagraphs 2d, 2d and 2e, shall be allocated to the participants' individual Plan

relief pursuant to Fed. R. Civ. P. 19(a).

accounts, excluding the Plan account of Rajacich, in the same proportion as each such account has to the total balance of all non-fiduciary participants' accounts in the Plan. No amounts restored shall be allocated to Rajacich's Plan account.

   h. Should the Company and Rajacich fail to timely comply with any requirements set forth in this Paragraph, the remaining balance of the Amount Due at the time of non-compliance shall become immediately due and payable. Interest will continue to accrue on the Amount Due at the rate set forth in 26 U.S.C. § 6621.

   i. The spouse of Defendant Rajacich has consented to the offset of Defendant Rajacich's Plan account described in Subparagraph 2b as evidenced by the spousal consent form submitted by the parties contemporaneously with their filing of this Consent Judgment and Order.

 3. The participant loan of $14,107 taken out by Rajacich in April 1997 shall be treated as a distribution, and within ten (10) days of the Company and Rajacich's execution of this Consent Judgment, an IRS Form 1099R shall be issued to Rajacich for such amount with a 1997 effective date. A copy of the Form 1099R shall be provided to the Secretary within five (5) days of issuance. Compliance with this paragraph in no way alters or diminishes the obligations set forth in Paragraph 2.

 4. Upon Defendant's restoration of $118,248.75 in losses and lost-opportunity costs to the Plans as outlined in Paragraph 1 and 2, the Defendants shall be assessed a penalty under ERISA § 502(1), 29 U.S.C. § 1132(1) in the amount of twenty percent of the applicable recovery amount, or $23,649.75 ("Penalty Amount"). The Defendants waive the notice of assessment and service requirement of 29 C.F.R. § 2570.83 and, within sixty days following the last payment date outlined in Paragraph 2, supra, Defendants shall pay the Penalty Amount to the U.S. Department of Labor, by sending a certified or cashiers check

payable to the United States Department of Labor (please write EBSA Case No. 72-031158 (48) on the check) to:

<u>For Regular Mail</u>
U.S. Department of Labor
ERISA Civil Penalty
P.O. Box 70942
Charlotte, NC  28272-0942

<u>For Overnight Courier (e.g., FedEx)</u>
U.S. Department of Labor
QLP Wholesale Lockbox NC0810
Lockbox #70942
1525 West WT Harris Blvd.
Charlotte, NC  28262

5. Wherever submission to the Secretary is required under the terms of this Consent Judgment, such submission shall be made to:

Regional Director
Employee Benefits Security Administration
U.S. Department of Labor
1055 East Colorado Blvd., Suite 200
Pasadena, CA  91106

6. Defendants Company and Rajacich are permanently enjoined and restrained from violating the provisions of Title I of ERISA, 29 U.S.C. §§ 1001-1191c.

7. The Secretary and Defendants shall each bear their own costs, expenses, and attorneys' fees incurred to date in connection with any stage of this proceeding, including but not limited to attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

8. Defendants expressly waive any and all claims of any nature which they have or may have against the Secretary, the Department of Labor, or any of its officers, agents, attorneys, employees or representatives, arising out of or in

connection with the allegations contained in the Complaint on file in this action, any other proceedings or investigation incident thereto or based on the Equal Access to Justice Act, as amended.

9. Nothing in this Consent Judgment is binding on any governmental agency other than the United States Department of Labor, Employee Benefits Security Administration.

10. This Court retains jurisdiction of this action for purposes of enforcing compliance with the terms of this Consent Judgment & Order.

11. By signing their names to this Consent Judgment & Order, the parties represent that they are informed and understand the effect and purpose of this Consent Judgment & Order.

//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//
//

1  The Court directs the entry of this Consent Judgment & Order as a final
2  order.
3     IT IS SO **ORDERED**, **ADJUDGED**, and **DECREED**.
4
5  Dated: December 08, 2010  _____
6                                   United States District Judge
7
8  Entry of this Consent Judgment is hereby consented to:
9  Dated: December 7, 2010     M. PATRICIA SMITH
                                 Solicitor of Labor
10
11                                  LAWRENCE BREWSTER
                                 Regional Solicitor
12                                  DANIELLE L. JABERG
                                 Counsel for ERISA
13
14                                  By /s/ Ian H. Eliasoph
                                  Ian H. Eliasoph
15                                   Trial Attorney
16                                Attorneys for the Plaintiff
17 Defendants consent to the entry of this Consent Judgment.
18
19 Dated: 12/2/10                  /s/ Daniel K. Gentile
20                                  Daniel K. Gentile, Esq.
                                 Counsel for Defendants
21                                  Barstow Truck Parts and Equipment Co.,
22                                  Inc. and James M. Rajacich, Sr.
23
24 Dated: 11-30-2010             /s/ James M. Rajacich, Sr.
                                 James M. Rajacich, Sr.
25                                  On his own behalf and as President of
26                                  Barstow Truck Parts and Equipment
                                 Co., Inc.
27
28